1   MCCOY, TURNAGE & ROBERTSON, APLC
    James R. Robertson: SBN 204923
2   5469 Kearny Villa Road, Suite 206
    San Diego, California 92123
3   Tele:  858-300-1900
    Fax:   858-300-1910
4

07 JAN -9  AM 10: 11

LEGAL PROCESS #1

5   Attorneys for Plaintiffs

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8            IN AND FOR THE COUNTY OF SACRAMENTO - CENTRAL

9   JARROD NESOM RAMSEY-LEWIS, an        Case No.
    individual, and AMY M. SIMPSON, an
10  individual,                          07AS00101

11                                       COMPLAINT   FOR   DAMAGES
                 Plaintiffs,             [VIOLATION OF THE FEDERAL FAIR
12                                       DEBT COLLECTION PRACTICES ACT;
    v.                                   VIOLATION OF THE ROSENTHAL FAIR
13                                       DEBT COLLECTION PRACTICES ACT;
    AFNI, INC., a corporation; and DOES 1 AND  INTENTIONAL  INFLICTION  OF
14  through 10, inclusive,               EMOTIONAL DISTRESS]

15               Defendants.             REQUEST FOR JURY TRIAL

16

17       Plaintiffs JARROD NESOM RAMSEY-LEWIS and AMY M. SIMPSON (hereinafter

18  also referred to as "plaintiffs"), allege as follows against defendants AFNI, INC. and DOES

19  1 through 10 inclusive, (hereinafter collectively referred to as "defendants") on information

20  and belief, formed after an inquiry reasonable under the circumstances, as follows:

21                         GENERAL ALLEGATIONS

22       1.       The California legislature has determined that the banking and credit system

23  and grantors of credit to consumers are dependent upon the collection of just and owing

24  debts and that unfair or deceptive collection practices undermine the public confidence that

25  is essential to the continued functioning of the banking and credit system and sound

26  extensions of credit to consumers.  The Legislature has further determined that there is a

27  need to ensure that debt collectors exercise this responsibility with fairness, honesty and

28  due regard for the debtor's rights and that debt collectors must be prohibited from engaging

EXHIBIT

A

1  in unfair or deceptive acts or practices.

2      2.      The United States Congress has found abundant evidence of the use of
3  abusive, deceptive, and unfair debt collection practices by many debt collectors, and has
4  determined that abusive debt collection practices contribute to the number of personal
5  bankruptcies, to martial instability, to the loss of jobs, and to invasions of individual privacy.
6  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.
7  (hereinafter the "FDCPA") to eliminate abusive debt collection practices by debt collectors,
8  to insure that those debt collectors who refrain from using abusive debt collection practices
9  are not competitively disadvantaged, and to promote consistent State-action to protect
10  consumers against debt collection abuses.  (15 U.S.C. § 1692(a)-(e).)

11      3.      Plaintiffs, by their attorneys, brings this action to challenge the actions of
12  defendants with regard to defendants' attempts to unlawfully, oppressively, fraudulently,
13  and/or maliciously collect an alleged debt which caused plaintiffs actual, compensatory and
14  incidental damages.

15                          **JURISDICTION AND VENUE**

16      4.      This action arises out of defendants' violations of the Rosenthal Fair Debt
17  Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Federal
18  Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and California Common Law.

19      5.      Personal jurisdiction is established because defendants do business in the
20  State of California.

21      6.      Venue is proper in the County of Sacramento, because defendants do
22  business in this County and because plaintiff lived in this County at the time of the events
23  alleged herein.

24                                  **PARTIES**

25      7.      Plaintiffs are natural persons who resides in the Community of Fair Oaks,
26  County of Sacramento, State of California.

27      8.      Plaintiffs are informed and believe that defendants are companies and not
28  governmental agencies or entities.

9.    Plaintiffs are informed and believe that defendants AFNI, INC. and DOES 1 through 10 are persons who use an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or is a creditor who, in the process of collecting his own debts, uses a name other than his own which would indicate that a third person is collecting or attempting to collect such debts, and are, therefore, "debt collectors" as that terms is defined by 15 U.S.C. § 1692a(6).

10.    Plaintiffs are informed and believe that this case involves money, property or other equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction with defendants or their assignors. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California *Civil Code* § 1788.2(f).

11.    The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of defendants sued herein as DOES 1 through 10, are unknown to plaintiffs, who therefore sue these defendants by such fictitious names, pursuant to Section 474 of the California Code of Civil Procedure. Plaintiffs are informed and believe and thereon allege that each of the defendants designated as a DOE is involved in, entitled to, or in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to plaintiffs herein alleged. Plaintiffs request that when the true names and capacities of these defendants DOE are ascertained, they may be inserted, and in all subsequent proceedings, and that this action may proceed against them under their true names.

12.    Plaintiffs are informed and believe and thereon alleges that at all times herein mentioned defendants DOES 1 through 10, were agents or employees of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of

1  their authority as such agent or employee and with the permission and consent of their co-
2  defendants, and each of them.

3  ## CAUSES OF ACTION CLAIMED AGAINST DEFENDANTS

4  ### FIRST CAUSE OF ACTION
   (Violations of the Fair Debt Collection Practices Act (FDCPA)
5  15 U.S.C. §1692 et seq. against all defendants)

6  13.   Plaintiffs incorporate by reference all of the above paragraphs of this
7  Complaint as though fully stated herein.

8  14.   Plaintiffs are informed and believe and thereon allege that defendants were
9  trying to collect on an alleged financial obligation for primarily personal, family or household
10 purposes that is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11 15.   On or about August 23, 2006, plaintiffs received correspondence from
12 defendants demanding that plaintiffs pay $1,012.97 on an outstanding debt identified as
13 Account No. 012221781-02 and that the original creditor for this debt was Integrated Alarm
14 Services, Group.  This was only  the most recent contact plaintiffs had received from
15 defendants on this alleged debt - previous harassing demands had dated back to January
16 2002. At the time of contact on August 23, 2006, plaintiffs had no outstanding debt on the
17 indicated account.

18 16.   In early March 2006, plaintiffs received the first demand from defendant
19 AFNI, Inc. on the referenced Integrated Alarm Account.  At that time defendants were
20 seeking $1,012.97.  In response to this demand, plaintiffs provided defendants with
21 documentation showing that no outstanding balance was owed on the account which had
22 originally dated back to 2001.  Plaintiffs also asked that the claimed debt be validated
23 and/or otherwise verified. No response was received to plaintiffs' written demand sent by
24 certified mail on March 13, 2006.

25 17.   Prior to defendants' collection efforts on the alleged debt in 2006, multiple
26 other debt collectors had harassed plaintiffs since 2001 - demanding payment on this debt
27 that plaintiffs did not owe.  With each debt collector contact, plaintiffs would send, via
28 certified mail, a fully documented explanation that no debt was owed.  In response to

1  plaintiffs' repeated explanations, the debt would simply be handed off to another debt

2  collector. These facts were also explained in writing to defendants by plaintiffs on March

3  13, 2006, and August 30, 2006.

4       18.     The foregoing acts and/or omissions of defendants constitute numerous and

5  multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2),

6  1693c(c), and 1692f(1).

7       19.     As a result of defendants' violation of the FDCPA, plaintiffs have suffered out-

8  of-pocket expenses and is therefore entitled to actual damages pursuant to 15 U.S.C. §

9  1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable

10  attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from defendants.

11                    **SECOND CAUSE OF ACTION**
            (Violation of the Rosenthal Fair Debt Collection Practices Act
12          California Civil Code § 1788 et seq. (RFDCPA) against all defendants)

13       20.     Plaintiffs incorporate by reference the preceding paragraphs, as though set

14  forth in full herein and further allege as follows.

15       21.     Plaintiffs are informed and believe and thereon allege that defendants were

16  trying to collect on an alleged financial obligation for primarily personal, family or household

17  purposes.

18       22.     Defendants engaged in a campaign of harassment against plaintiffs that

19  included attempts to collect on debts now owed by plaintiffs and failing to provide

20  verification and/or validation of alleged debts.

21       23.     The foregoing acts and/or omissions by each defendant constitutes

22  numerous and multiple violations of the RFDCPA.

23       24.     As a result of defendants' violations of the RFDCPA, plaintiffs have suffered

24  out-of-pocket expenses and is entitled to actual damages pursuant to California Civil Code

25  §1788.30(a), statutory damages for a knowing or willful violation pursuant to California Civil

26  Code § 1788.30(b), and reasonable attorney's fees and costs pursuant to California Civil

27  Code § 1788.30(c) from each defendant.

28  / / /

### THIRD CAUSE OF ACTION
(Intentional Infliction of Emotional Distress Against All Cross-defendants)

25.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     Defendants' actions were outrageous.

27.     Defendants' actions were intended to cause plaintiffs harm.

28.     Defendants' conduct was so extreme that it goes beyond all possible bounds of decency.

29.     Plaintiffs were harmed by defendants' conduct.

30.     Defendants' conduct was a substantial factor in causing plaintiffs' harm.

31.     Defendants' conduct was oppressive, fraudulent, or malicious.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that judgment be entered as follows:

#### Fair Debt Collection Practices Act against all Defendants

1.     An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

2.     An award of statutory damages of $1,000 per violation pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.     An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against defendants in an amount to be determined at trial;

4.     For any other relief that the court deems just and proper.

#### Rosenthal Fair Debt Collection Practices Act against all Defendants

5.     For an award of actual damages pursuant to California Civil Code § 1788.30(a) against defendants in an amount to be determined at trial;

6.     For an award of statutory damages statutory damages of $1,000 per violation pursuant to California Civil Code § 1788.30(b);

7.     For an award of costs of litigation and reasonable attorneys' fees pursuant to California Civil Code § 1788.30(c):

1       8.      For any other relief that the court deems just and proper.

2             <u>Intentional Infliction of Emotional Distress against all Defendants</u> ·

3       9.      For an award of actual, compensatory and incidental damages in an amount

4  to be proved at time of trial;

5       10.     For an award of punitive damages in an amount to be determined at trial

6  because defendants' actions were oppressive, fraudulent or malicious.

7       11.     For any other relief that the court deems just and proper.

8                              **TRIAL BY JURY**

9       Plaintiffs are entitled to and demand a trial by jury.

10

11 DATED:     January 6, 2007          MCCOY, TURNAGE & ROBERTSON, APLC

12

13                                 By:                               

                                        JAMES R. ROBERTSON

14                                          Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28